70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Reynaldo HUNT, Petitioner-Appellant,
v.
Jerry GILMORE, Respondent-Appellee.
 No. 94-2958.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 7, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Reynaldo Hunt sought a writ of habeas corpus, 28 U.S.C. Sec. 2254. Petitioner challenged his Illinois state court convictions for murder and attempted murder on the grounds of implied acquittal and insufficient evidence. The district court denied relief and petitioner appealed. We affirm.
 
 BACKGROUND
 
 2
 Petitioner, a member of the Disciple Gangsters street gang, was involved in an internal gang dispute. Two fellow gang members, Allen Taylor and Eugene Sherwood, were accused of "embezzling" $5000 of the gang's drug sale receipts. Neither Taylor nor Sherwood admitted to the theft when confronted by petitioner and other gang members at one of the gang's houses. Petitioner, waving a heavy iron bar, threatened to "bust [Taylor's] head" to get the money back. Petitioner and two other gang members took Taylor and Sherwood, who both had their hands tied behind them, to a back room. There petitioner and the two other gang members[1] beat Taylor and Sherwood with the iron bar, a bat and a night stick. The assailants left Taylor and Sherwood, bloody and unconscious, lying in the room. Sherwood was later released and recovered. Taylor was taken to the hospital by petitioner and other gang members, but he never regained consciousness.
 
 
 3
 Petitioner was charged with murder for Taylor's death and attempted murder and aggravated battery for the assault on Sherwood. Petitioner opted for a bench trial. The state's primary witness at trial was Christopher Smith, a gang associate, who was staying at the house the night of the attack. Smith did not witness the actual beating, but testified as to petitioner threatening Taylor with an iron bar and taking Taylor and Sherwood into a back room. Smith later sneaked into the back room and found Taylor and Sherwood lying there, bloody and unconscious. Petitioner did not testify, but his statement to the police was admitted. Petitioner stated he was present during the assault, but did not take part in it.[2] Petitioner was convicted of murder and attempted murder and sentenced to thirty years and fifteen years, respectively. The conviction and sentence were affirmed on direct appeal. The Illinois Supreme Court declined review.
 
 
 4
 In his habeas petition, petitioner argued that he was implicitly acquitted of attempted murder and aggravated battery and that the state did not prove murder or attempted murder beyond a reasonable doubt.[3] Chief Judge Aspen denied the petition, finding no implicit acquittal and concluding that the evidence was sufficient to support the convictions.
 
 ANALYSIS
 
 5
 a. Implicit Acquittal
 
 
 6
 Petitioner maintains that the state court judge implicitly acquitted him of attempted murder and aggravated battery, and that subsequently sentencing him on the attempted murder charge amounted to double jeopardy. Petitioner's argument is based on the state judge's statement at the end of trial: "Reynaldo Hunt, the Court finds you guilty in manner and form as charged of the offense of murder." (Record # 15-2 at 107-108).
 
 
 7
 Petitioner maintains that the state judge, by not referring to the attempted murder and aggravated battery charges, implicitly acquitted him of those charges. Petitioner's argument is unpersuasive.
 
 
 8
 The doctrine of implied acquittal is essentially a matter of collateral estoppel; if a conviction establishes a fact that is inconsistent with defendant's guilt of a particular crime, then he cannot be reprosecuted for that crime. See Kennedy v. Washington, 986 F.2d 1129, 1133-34 (7th Cir.1993). The defendant must show that the verdict "actually and necessarily determined the issue he seeks to foreclose." Schiro v. Clark, 963 F.2d 962, 970 n. 7 (7th Cir.1992).[4]
 
 
 9
 There was no implied acquittal in this case because there was no finding in petitioner's favor. What clearly happened was that the state judge misspoke and neglected to mention the second count. All parties understood what the state judge meant. As noted by the state, a conviction in the "manner and form as charged" would include both charges. Further, defense counsel expressly noted that Hunt had been found guilty of both murder and attempted murder in his post-trial motion and arguments at sentencing. (Record # 15-2 at 110-111; Record # 15-3 at 30-31). There was no other way to interpret the court's statement, as the murder and attempted murder were largely inseparable conduct. The defense had made no attempt to separate the two crimes and had only argued that petitioner was present but did not participate. (See Record # 14, Appendix A, Illinois Appellate Opinion at 5-6).
 
 
 10
 Further, the law in Illinois is that the final judgment in a criminal case is the imposition of sentence. United States ex rel. Young v. Lane, 768 F.2d 834, 841 (7th Cir.1985), cert. denied, 474 U.S. 951 (1985). In Illinois, "the judge's reflections immediately after trial are no more than verbal notes about what to do when the time comes. And the time does not come until the formal sentencing." Id. It is undisputed that petitioner was formally sentenced for both murder and attempted murder. (Record # 15-2 at 116-117; Record # 15-3 at 32). That the judge misspoke is legally irrelevant.[5]
 
 
 11
 b. Sufficiency of the Evidence
 
 
 12
 Petitioner maintains that the evidence was insufficient to convict him of murder and attempted murder. As to the attempted murder charge, petitioner maintains the state's proof of intent was inadequate.
 
 
 13
 A challenge to the sufficiency of the evidence can only succeed if, after reviewing the evidence in the light most favorable to the prosecutor, this court concludes no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Howard, 30 F.3d 871, 874 (7th Cir.1994). This court will reverse "only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt." United States v. Garcia, 35 F.3d 1125, 1128 (7th Cir.1994) (quoting United States v. Gutierrez, 978 F.2d 1463, 1468-69 (7th Cir.1992)). Further, the evidence need not be inconsistent with every reasonable hypothesis of innocence in order to sustain the conviction. United States v. Maholias, 985 F.2d 869, 874 (7th Cir.1993). This court defers to all reasonable inferences drawn by the fact-finder, and will not reweigh evidence or reassess witness credibility. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990). See also Biskup v. McCaughtry, 20 F.3d 245, 250 (7th Cir.1994); United States v. Dortch, 5 F.3d 1056, 1065 (7th Cir.1993), cert. denied, 114 S.Ct. 1077 (1994). Arguments by a defendant that the evidence supports other equally rational inferences are unavailing, given this court's obligation to view the evidence in the light most favorable to the government. United States v. Vasquez, 909 F.2d 235, 240 (7th Cir.1990), cert. denied, 501 U.S. 1217 (1991). See also United States v. Martinson, 37 F.3d 353, 356 (7th Cir.1994).
 
 
 14
 The case came down to a question of credibility, and the state fact-finder was entitled to credit Smith's testimony.[6] Smith's testimony established that petitioner fatally beat Taylor with a heavy iron bar while Taylor lay tied on a bed. Petitioner was torturing Taylor in an attempt to get information regarding stolen money (or punishing him for stealing it). This conduct is more than adequate to meet the Illinois definition of murder.[7]
 
 
 15
 The question is somewhat closer on the attempted murder conviction. Illinois defines "attempt" as follows:
 
 
 16
 (a) Elements of the Offense.
 
 
 17
 A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.
 
 
 18
 720 ILCS 5/8-4(a).
 
 
 19
 While beating Sherwood with an iron bar obviously qualifies as "a substantial step" in the offense, petitioner maintains that the state's proof of intent was inadequate. Intent to kill is an essential element of the offense of attempted murder; the intent to inflict great bodily harm is insufficient. People v. Winters, 151 Ill.App.3d 402, 502 N.E.2d 841, 843 (1986). Intent to kill can be established by the character of the assault, the use of a deadly weapon, and other matters from which an intent to kill may be inferred. Id. "Such intent may be inferred when it has been demonstrated that the defendant voluntarily and willingly committed an act, the natural tendency of which is to destroy another's life." Id.
 
 
 20
 The evidence does provide some support for petitioner's position. If petitioner was attempting to gain information, his intent would not have been to kill but merely to seriously injure. Further, the record is unclear as to how severely Sherwood was injured.
 
 
 21
 However, the evidence also supports the inference drawn by the state judge. Petitioner was torturing Taylor and Sherwood to obtain information. The beating continued until both were bloody and unconscious. Striking a bound individual in the head repeatedly with an iron bar is an act which has the "natural tendency" to kill, and did indeed kill the other victim. As the evidence must be viewed in the light most favorable to the government, the conviction must stand.[8]
 
 
 22
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Who were tried separately
 
 
 [2]
 According to his statement, petitioner summoned a gang enforcer who actually decided the victims should be beaten. According to petitioner, the enforcer also carried out the actual assault with two other gang members
 
 
 [3]
 Petitioner raised both these claims on direct appeal
 
 
 [4]
 In the typical context, implied acquittal occurs in the case where a jury finds a defendant guilty of a lesser included offense. See generally Kennedy, 986 F.2d at 1133-34
 
 
 [5]
 "The Double Jeopardy Clause is not a constitutional requirement of perfect syntax. The defendant ought not to go free because a judge expresses himself poorly." Young, 768 F.2d at 838
 
 
 [6]
 That Smith was not necessarily the most upstanding of individuals is irrelevant. See generally Rodriguez v. Peters, 63 F.3d 546, 563 (7th Cir.1995) (no requirement that government witnesses be pillars of community)
 
 
 [7]
 The Illinois statute defining murder provides, in relevant portion:
 First degree Murder ...
 (a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:
 (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
 (2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or
 (3) he is attempting or committing a forcible felony other than second degree murder....
 
 
 [720]
 ILCS 5/9-1(a)
 
 
 [8]
 That petitioner may have released Sherwood and taken Taylor to the hospital is of limited relevance. Once the elements of attempted murder are present, abandonment of the intent to kill is no defense. Winters, 502 N.E.2d at 845